**In re Kimberly Kaye COX, Debtor.**

**Richard E. BARBER, Chapter 7 Trustee for Kimberly K. Cox, Plaintiff/Trustee,**

v.

**KNOX COUNTY SCHOOL EMPLOY-EES CREDIT UNION, Defendant/Creditor.**

No. 89–80391.
Adv. No. 89–8104.

United States Bankruptcy Court, C.D. Illinois.

Aug. 15, 1990.

See also, Bkrtcy., 114 B.R. 165.

Barry M. Barash, Galesburg, Ill., for plaintiff/trustee.

Francis Van Hooreweghe, John P. Harris, Moline, Ill., for defendant/creditor.

OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The facts in this matter are not disputed, and the Plaintiff and the Defendant filed cross Motions for Summary Judgment. The Debtor's mother and father (PARENTS) were indebted to the Defendant. They wanted to borrow additional funds secured by their residence, but could not, as such additional borrowing would exceed the Defendant's internal lending limits. The Defendant's then manager suggested that they could avoid the internal lending limits by conveying title to their residence

---

to the Debtor and the Debtor borrowing the funds.

The PARENTS followed this suggestion and conveyed the real estate to the Debtor, who, in turn, made the application for a loan secured by the residence. The Defendant gave the Debtor Truth in Lending disclosures, but did not give the required truth in lending right of rescission notice. The loan was completed, with the PARENTS receiving the loan proceeds. The PARENTS continued to live in the residence, paid the taxes and insurance, and started making the payments on the secured loan.

Thereafter, the Debtor filed a Chapter 7 proceeding, and her Trustee filed a two-count complaint against the Defendant. Count I alleged that the annual percentage rate disclosure was inaccurate. This Court found the disclosure to be inaccurate, and the Defendant appealed, which appeal is still pending. Count II sought to rescind the transaction because the Defendant failed to give the Debtor or the PARENTS rescission notices required by the Truth in Lending Act, 15 U.S.C. Section 1835(a), and Regulation Z, Section 226.19(a).[1] Subsequently, without amending the factual allegations of the complaint, the Trustee added the PARENTS as Defendants. The PARENTS were served, but never filed a responsive pleading.

The Trustee's goal is to obtain the residence free and clear of the Defendant's mortgage. In order to fully succeed, the Trustee has two hurdles to clear. First, he must establish that the Debtor is the sole owner of the residence, free of any interest her PARENTS might claim; and, second, avoid the mortgage lien of the Defendant. The Defendant argues that the residence is not part of the Debtor's estate, because the Debtor merely holds a bare legal title for the benefit of her PARENTS and that the Court does not even need to consider the alleged failure to give the right of rescission notice. In response, the Trustee takes the position that title is in the Debtor

and that the Defendant is estopped to deny that the Debtor holds title for her own benefit. Although the complaint does not refer to Section 544 of the Bankruptcy Code, 11 U.S.C. Section 544, which is commonly referred to as a "strong-arm clause", in his arguments to the Court, the Trustee indicated that he was also relying on that section of the Bankruptcy Code.

The Briefs and Arguments have been exclusively directed to the first hurdle and have totally ignored the second. However, it is more expeditious to resolve Count II through a consideration of the second hurdle and whether the Defendant complied with the truth in lending right of rescission notice requirement, than through a consideration of the more complex issue of whether the Debtor held title to the residence free of all claims of her PARENTS, or if she held title subject to a constructive or resulting trust for the benefit of her PARENTS.

Both the Truth in Lending Act and Regulation Z make it quite clear that the right of rescission is applicable only to "the principal dwelling" of the person to whom credit is extended. A borrower who owns real estate which is not his or her "principal dwelling" is not entitled to notice of the right of rescission. *Scott v. Long Island Savings Bank*, (D.C. E.D.N.Y.1989), 1989 WL 119514, 1989 U.S. Dist. Lexis 15720, CCH Credit Guide, para. 95,735. In this case, even assuming that the Debtor is the owner of the residence, it is not her principal residence. She resides elsewhere and her PARENTS reside in the residence. Therefore, she was not entitled, nor is her Trustee in Bankruptcy entitled, to rescind the transaction. Nor can the Trustee bring an action to rescind the transaction on behalf of the PARENTS who are not in bankruptcy. His rights are limited to those that he received through the Debtor.

Even though the Trustee has no right to rescind the transaction, in theory he has a right to try to recover the real estate from the PARENTS, and if there is any equity

1. The Truth in Lending Regulations, Regulation Z, can be found at 12 CFR, Section 226.19(a); 15 U.S.C.A., following Section 1700.

**96**

over and above the mortgage, to recover that equity for the benefit of the Debtor's creditors. The Trustee's arguments as to who owned the residence were made to the Court as part of the Trustee's attack on the Defendant. They were not directly made against the PARENTS. Although the PARENTS have been served, there is nothing in the complaint to indicate that the Trustee is seeking to eliminate the PARENTS' interest in the residence and the Defendant is only interested in protecting the mortgage lien. Therefore, the Court does not feel that any order, vis-a-vis the PARENTS, is appropriate until the pleadings are amended to give the PARENTS an opportunity to present their position.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion filed this day;

IT IS, THEREFORE, ORDERED that Count II of the Plaintiff's Complaint is hereby dismissed with prejudice.